UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Dean Williams, #03694-063, | ) | C/A No. 9:07-0946-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden M. Pettiford, | ) | |
| Lt. Shawnce, NFN Miller, | ) | |
| Dr. Rince, NFN Barrous, | ) | |
| and D. Bowens, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at FCI Bennettsville. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 on the basis that he was allegedly denied due process when he was placed in the Special Housing Unit and during his confinement there. In addition, he alleges that he was not allowed to see a psychiatrist and that his legal mail was improperly handled by prison staff.

The case was referred to Magistrate Judge George C. Kosko, who forwarded Special Interrogatories to the plaintiff regarding whether he had exhausted his administrative remedies. In his [8] answers to those interrogatories, the plaintiff indicates that he attempted informal resolution of his complaint within the BOP; that he has not filed Form BP-9 because of the sensitive nature of the matter; and that he filed an Administrative Remedy Appeal (Form BP-10). He states that the BOP Regional Office indicated the matter was not sensitive and that he sent another letter to the Regional Office to which he did not receive a reply. However, he does not indicate that he pursued the matter through the normal procedures with the BOP.

1

Defendants filed an affidavit of a BOP official, paralegal specialist Roy Lathrop, in support of their motion to dismiss. This affidavit indicates that on January 19, 2007 the plaintiff filed a Regional Administrative Appeal with the BOP Southeast Regional Office regarding his placement in the Special Housing Unit. Lathrop indicates that the grievance was rejected because the subject matter was not so sensitive that plaintiff should be allowed to bypass filing a grievance at the institutional level. Paragraph 5 of the affidavit indicates that "even though Mr. Williams was instructed to submit his request to the FCI Bennettsville Warden, he did not do so. In fact, Mr. Williams did not pursue this grievance any further at any level." Paragraph 6 of the affidavit states that "Mr. Williams has not filed any grievances at any level concerning matters in his complaint such as failure to provide medical care and tampering with legal mail."

This matter is before the court on [71] Return and Motion to Dismiss and [72] Motion for Summary Judgment by the defendants. By order filed July 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the motions to dismiss and for summary judgment. Plaintiff responded to the motions on August 3 and August 7, 2007.

Also before the Court are the plaintiff's [44] Motion for injunctive relief and TRO; [46] motion for judgment on the pleadings; [50] motion to amend to assert violation of Whistleblower's Protection Act; [55] Motion for Injunction and TRO; [69] motion to compel; [81] motion to strike reference to plaintiff's criminal history; and [83] motion to compel. Also pending is [73] motion to stay by the defendants. The Magistrate Judge recommended that these motions be deemed moot. After the filing of the Report and Recommendation, the plaintiff filed [91] motion for injunction; [88] motion for selective evidence; [91] motion to appoint counsel; [92] motion that the Court order the return of

unpublished and restricted cases to the Law Library; and [97] motion for injunction.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate George C. Kosko filed August 13, 2007. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on August 22, 2007.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

**Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

Based upon the information before the Court described hereinabove, it appears that the plaintiff has not properly exhausted his administrative remedies.

**Plaintiff's Objections**

Although his case was not brought pursuant to the Americans with Disabilities Act, the plaintiff asserts in his objections that he is not required to exhaust administrative remedies because he is disabled under the ADA in that he allegedly is dyslexic and mentally ill. Plaintiff cites *Burgess v. Goord*, 1999 WL 33458 (S.D.N.Y. 1999)(unpublished) and other cases in support of his position. However, these cases do not stand for the proposition asserted by the plaintiff. In fact, the court in *Burgess* found that the plaintiff had failed to state a claim under the ADA but also recognized that the plaintiff's attempted ADA claims should be dismissed since he had failed to exhaust his administrative remedies within the

Bureau of Prisons.

The Court finds that the plaintiff's failure to exhaust his administrative remedies within the BOP requires dismissal of his case without prejudice. The defendants' motion to dismiss is construed as a motion for summary judgment and is granted. *See Pueschel v. United States*, 369 F.3d 345, n.3 (4th Cir. 2004).

## Motion for Preliminary Injunction

The plaintiff filed [97] Motion for Preliminary Injunction on September 26, 2007, requesting that the defendants be enjoined from violating any rules and ordered to pay him damages for taking his legal papers. Defendants filed a Return to the motion in which they assert that, during a routine cell search, staff discovered that the plaintiff was in possession of legal materials belonging to other inmates; that those papers were returned to the inmates to whom they belong; and that the other papers were returned to the plaintiff. Plaintiff contends the papers were samples that he was using in making court filings.

Defendants contend that the plaintiff has not shown any irreparable harm and that the plaintiff is attempting to circumvent the exhaustion requirement by seeking an injunction in this Court.

Four factors must be considered by a Court on motion for a preliminary injunction: (1) the likelihood of irreparable harm to a plaintiff if the injunction is denied; (2) likelihood of harm to a defendant if an injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Direx Israel, Ltd. v. Breadthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991).

As the plaintiff has not made a sufficient showing of likelihood of success on the merits or of the other relevant factors, the motion for preliminary injunction is **DENIED**.

**Conclusion**

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, defendant's [71] motion to dismiss is treated as a motion for summary judgment and is **GRANTED.** Plaintiff's [97] motion for injunction is **DENIED**. Plaintiff and defendants' remaining motions are deemed **MOOT**.

**IT IS SO ORDERED.**

      s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 22, 2007
Florence, SC